KULLMAN v. COX.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. VENDOR AND PURCHASER—RECORD TITLE –SPECIFIC PERFORMANCE.
Where plaintiff in an action to enforce specific performance of a contract for the purchase of land has a good record title, and no facts extrinsic of the record are established, sufficient to supersede it, the defendant will not be relieved from the performance of the contract.

2. SAME.
A defendant will not be relieved from performing his contract for the purchase of land because of mortgages upon the property, where it appears that satisfaction pieces were produced at the time the parties met for the completion of the contract, and no objection was made to the title on that ground.

O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Adelbert Kullman against Henry H. Cox for specific performance of a contract for the purchase of land. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis B. Chedsey, for appellant.
Samuel Untermyer, for respondent.

McLAUGHLIN, J. This case comes before the court on an appeal by defendant from a judgment directing the specific performance of a contract for the purchase of land. The action has twice been tried. On the first trial the complaint was dismissed upon the ground that the title tendered by the plaintiff was not a marketable one. On appeal from the judgment entered upon that dismissal this court held (26 App. Div. 158, 49 N. Y. Supp. 908) that, it appearing that the plaintiff had a good record title, it must be presumed to be a good title until facts extrinsic of the record had been established which were so inconsistent with or repugnant to the record that they, in law, would be permitted to supersede it. Upon the last trial the defendant sought to overcome this presumption, and attempted to show that

the plaintiff intentionally defaulted in the payment of the interest upon the mortgage upon the property in order that there might be a foreclosure, and he thereby acquire the interest of his infant children in the land covered by it; that the foreclosure and sale were had for that purpose alone, and that it was so intended and understood both by himself and the plaintiff in the foreclosure suit. But in this attempt the defendant completely failed. The learned trial court found as a fact, and there is sufficient evidence to sustain the finding, that:

"There was no collusion between Hupfel [the plaintiff in the foreclosure suit] and the plaintiff in this action in instituting or prosecuting the said foreclosure suit. The foreclosure action was instituted and prosecuted by said Hupfel in entire good faith for his own benefit, because neither Adelbert Kullman nor any of the owners of the property paid, nor was able to pay, the interest due on July 1, 1895. The price realized upon the foreclosure sale at least equaled what the property was worth at that time."

The case as now presented shows that the plaintiff has a good record title, and that there is no ground for a suspicion of bad faith on his part, or on the part of his predecessor in interest, either in connection with the foreclosure or in subsequently acquiring the title. Hupfel, under the terms of the mortgage, had a right to foreclose. That suit was regularly instituted, and duly prosecuted to a judgment and sale. Hupfel at the same time purchased the premises, as he had a right to do under the judgment. By the referee's deed he acquired a good title. He subsequently conveyed the premises to the plaintiff, who by that conveyance acquired a good and marketable title. No attempt has been made to impeach his title, although his children are all of age, and there is nothing to show that any such claim has ever been made.

The defendant cannot be relieved from performing his contract by reason of the mortgages upon the property, because it is conceded that satisfaction pieces were produced at the time the parties met for the completion of the contract, and no objection was then made to the title on that ground, and they were also produced and introduced in evidence on the trial. It follows that the judgment is right, and must be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

O'BRIEN, J. For reasons given by me on previous appeal (26 App. Div. 158, 49 N. Y. Supp. 908), I dissent.